IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WP 851 ASSOCIATES, L.P., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-2374 |
| | : | |
| v. | : | |
| | : | |
| WACHOVIA BANK, N.A. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

Jones, J.                                                                    January 8, 2009

This dispute concerns an unconsummated lease for certain commercial property.  The

Court will not recite a full factual background for the purposes of this Memorandum, but rather

incorporates the background information contained in the Hon. Gene E.K. Pratter's January 10,

2008 Memorandum and Order (Docket No. 8).[1]  In this matter, Plaintiff WP 851 Associates, L.P.

("WP 851") had originally sued Wachovia alleging (1) breach of contract, (2) fraud, (3)

promissory estoppel and (4) breach of the duty to negotiate in good faith.  In the January 10, 2008

Order, Judge Pratter dismissed the fraud and breach of the duty to negotiate in good faith claims,

but allowed the breach of contract and promissory estoppel claims to proceed.  There is now a

pending summary judgement motion as to those remaining claims.  Also pending before this

Court is Plaintiff's Motion to Reinstate Count IV of the Complaint (Docket No. 34) – namely,

the breach of the duty to negotiate in good faith claim previously dismissed by Judge Pratter.  For

the following reasons, this particular motion will be denied.

Although the Pennsylvania Supreme Court has not found that a cause of action for breach

---

[1] This case was transferred to the docket of this Court on November 17, 2008.

of a duty to negotiate in good faith exists under Pennsylvania law, the U.S. Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court would find that an agreement to negotiate in good faith would be enforceable if it meets the requisite elements of a contract. See Channel Home Ctrs. v. Grossman, 795 F.2d 291, 299 (3d Cir. 1986). Like the instant case, Channel Home Centers concerned an agreement between a commercial property owner and a prospective lessee. Applying Pennsylvania law, the Court of Appeals inquired whether (1) both parties manifested an intention to be bound by the agreement; (2) the terms of the agreement were sufficiently definite to be enforced; and (3) there was consideration. Id. The Channel Home Centers court found that a duty to negotiate in good faith arose from a letter of intent in which the defendant "unequivocally promised" to withdraw a piece of property from the market, and to negotiate a lease only with the plaintiff "to completion." Id.  The Court found other indicia of an intent to be bound persuasive, including the level of detail in the letter, and the subsequent actions of both parties. See id. at 292, 299.

In a subsequent case, the Court of Appeals found no duty to negotiate in good faith absent a definite term or assent to be bound. In U.S.A. Machinery Corp. v. CSC Ltd., 184 F.3d 257, 264 (3d Cir. 1999), the court held that an oral "registration" between a broker of steel-making equipment and a purchaser and seller of equipment did not give rise to an agreement to negotiate in good faith, because the parties did not expressly agree to negotiate in good faith, and had not made extensive preparations to further or consummate the transaction. The Court of Appeals distinguished Channel Home Centers, noting that in the instant case, "similar indicia of intent to be bound" was not present because there was "no 'detailed' expression of the parties' intent." U.S.A. Mach. Corp., 184 F.3d at 264.

Channel Home Centers and U.S.A. Machinery emphasize that, in order for an agreement

to negotiate in good faith to be enforceable, the parties must manifest a specific intent to negotiate in good faith. In the January 10, 2008 Memorandum, Judge Pratter found that, based on the Plaintiff's Complaint and its attachments, that intention was not present because WP 851 had not adequately pleaded that the parties reached an agreement whereby they manifested an intent to negotiate in good faith.  The Court finds that the record still does not contain evidence sufficient to satisfy that standard.

First, there is still no evidence of the existence of an agreement to negotiate in good faith. WP 851's entire motion is predicated upon a single question and answer in a deposition transcript that expresses a fact witness' opinion:

> Q:      Did you believe the bank had an obligation to negotiate the
>          terms of a written lease in good faith?
>
> A:      Yes.

Deposition of Bob McDevitt at 70-71.  That is all.  The questioner asked whether the witness "believed" Wachovia had an obligation to negotiate in good faith, and the witness offered an affirmative opinion.  Put simply, this alone does not evidence of an unequivocal agreement to negotiate in good faith make.  Wachovia correctly points out that WP 851 has failed to indicate any facts in the record as to specifics of the alleged unequivocal promise, such as when Wachovia made the promise, who from Wachovia made the promise, to whom at WP 851 the promise was supposedly made, or even the extent of the promise.

Second, the Court finds that WP 851 has also failed to satisfy the requirement that the agreed-upon terms be sufficiently definite.  Indeed, there has been no evidence advanced as to any terms of the purported agreement (such as term length or method of termination).  WP 851 has not even identified the extent of Wachovia's alleged duty.

Finally, the Court finds that WP 851 still fails to meet the consideration element.

Wachovia correctly asserts that because there is no evidence of the existence of an agreement to negotiate in good faith, WP 851's claim that it took the property off the market exists in a vacuum and is not tied to any specific agreement.  There is no record evidence that the taking of the property off the market was the result of an unequivocal, actual agreement to negotiate in good faith.

Accordingly, the Court finds no reason to disturb Judge Pratter's dismissal of Count IV of the Complaint.  An Order consistent with this Memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WP 851 ASSOCIATES, L.P., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-2374 |
| | : | |
| v. | : | |
| | : | |
| WACHOVIA BANK, N.A. | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this 8th day of January, 2009, upon consideration of Plaintiff's Motion to Re-Assert Count IV of the Complaint (Docket No. 34) and Defendant's Response thereto (Docket No. 37), it is hereby ORDERED that the Motion to Re-Assert Count IV of the Complaint (Docket No. 34) is DENIED.


BY THE COURT:


/s/ C. Darnell Jones II
_____
C. DARNELL JONES II,      J.